IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-02162-WJM-BNB

BRIAN PUERTA,

Plaintiff,

v.

RJN PARTNERS, LLC d/b/a Express Inn,
BARRY TIGGEMANN, and
NAM TIGGEMAN,

Defendants.

_____

## ORDER
_____

This matter arises on the following:

(1)     Plaintiff's **Motion for Leave to Join Luz A. Rael As Party Plaintiff** [Doc. # 35,

filed 8/5/2011] (the "Motion to Join: Rael");

(2)     Plaintiff's **Motion for Leave to Join Richard Bulik As Party Plaintiff** [Doc. #

40, filed 8/12/2011] (the "Motion to Join: Bulik"); and

(3)     Plaintiff's **Motion for Leave to Join Drew Dickerson As Party Plaintiff** [Doc.

# 45, filed 8/30/2011] (the "Motion to Join: Dickerson").

I held a hearing on the motions this afternoon and made rulings on the record, which are

incorporated here.

In general, this purports to be a collective action under 29 U.S.C. § 216(b) of the Fair

Labor Standards Act.  Three additional plaintiffs seek to join the action, but the procedure

ordinarily applied in collective actions, as described in <u>Baldozier v. American Family Mutual</u>

Ins. Co., 375 F. Supp 2d 1089 (D. Colo. 2005), and Vaszlavik v. Storage Technology Corp., 175

F.R.D. 672 (D. Colo. 1997), has not been utilized.  Among other things, there has been no

motion for conditional certification directed at establishing that the "putative class members

were together the victims of a single decision, policy or plan."  Baldozier, 375 F. Supp. 2d at

1092.  In addition, there is no deadline in place for the completion of the opt-in process, in the

event the case is conditionally certified.  It appears to me that it is premature to allow plaintiffs

to opt-in to this collective action before it has been conditionally certified.

IT IS ORDERED:

(1)     The Motion to Join: Rael [Doc. # 35]; Motion to Join Bulik [Doc. # 40]; and

Motion to Join Dickerson [Doc. # 45] are denied without prejudice, to be renewed, if at all, after

the issue of conditional certification has been addressed.

(2)     On or before September 19, 2011, the parties shall file a status report addressing

their proposal for the conditional certification process; the procedure to be followed with respect

to opt-in plaintiffs; any amendments to the Scheduling Order which may be necessary; and any

other matters they believe should be addressed in view of this Order.

Dated September 9, 2011.

BY THE COURT:

 s/ Boyd N. Boland_____
United States Magistrate Judge

2